## SUPREME COURT.

AUGUST BELMONT and others agt. WILLIAM G. LANE and others.

An *attachment* for the purpose of taking the property of debtors in the hands of an *assignee,* held under an assignment for the benefit of creditors, cannot be sustained on the ground of alleged fraudulent transactions of the debtors *prior* to the making of the assignment.

The attachment must be sustained on the ground that the assignment was a fraudulent assignment or disposition of the property of the assignors within the meaning of the Code, (§ 229,) which means actual or moral fraud.

*It seems,* that an assignment may be held fradulent and void on its face, as hindering or delaying creditors within the provisions of the Revised Statutes, and yet not alone justify an attachment under the Code, as a fraudulent disposition or assignment of property.

*New York General Term, January,* 1862.

CLERKE, ALLEN and SUTHERLAND, *Justices.*

By the court, SUTHERLAND, Justice.   However fraudulent the transactions prior to the making of the assigment detailed in the affidavits on which the attachment was issued, uncontradicted or unexplained, might be, such fraud did not and could not deprive Lanes, Boyce & Co. of the right to make an honest assignment for the benefit of their creditors with preferences.

Lanes, Boyce & Co. did, sometime after the alleged fraudulent acts or transactions, make an assignment for the benefit of creditors with preferences ; and that assignment must be deemed fraudulent to authorize the issuing of an attachment to take the assigned property, or any part of it, from the hands of the assignees, and give it to a creditor, or to creditors, not preferred in the assignment.

The attachment, then, issued in this case, must be sustained on the ground that the assignment was a fraudulent assignment or disposition of the property of the assignors within the meaning of the Code, section 229.

The Code, I think, means actual or moral fraud.

The assignment might, I think, be held fraudulent and void on its face as hindering or delaying creditors, within the provisions of the Revised Statutes, and yet not alone justify an attachment under the Code, as a fraudulent disposition or assignment of property.

It is insisted on the part of the plaintiffs, that it being shown outside of the assignment that all the members of the firm of Lanes, Boyce & Co., the assignors, were also members of the firm of Lanes & Ker Boyce—the two firms being composed of the same members with the exception of James P. Boyce, who was a special partner of the latter firm, but not of the first—and the assignment including among the preferred creditors, Lanes & Ker Boyce, to about the amount of $71,000, that the assignment is thus shown to be for the benefit of the assignors, among others, and that the assignment was therefore in judgment of law made to defraud, hinder and delay their creditors, and was and is void by the statute of frauds.

I repeat, conceding this proposition to be true, that I do not think it follows that an attachment under the Code could rightfully issue on that ground alone.

But looking at the provision in the third clause of the assignment explaining the purpose and the intended practical operation of the preference in favor of Lanes & Ker Boyce, it is not clear, I think, that the assignment is fraudlent and void, even in judgment of law, on the ground of such preference.  That provision is certainly somewhat complicated; but the substance and effect of it is, that the amount for which Lanes & Ker Boyce are preferred, or so much of it as shall be necessary, in addition to other assets of Lanes & Ker Boyce, to pay all their debts, and to return

to James P. Boyce, as special partner, the amount which might be found due from that firm, on a settlement of the partnership accounts between themselves, is appropriated for such purposes.

Actual fraud would seem to imply an intention or attempt on the part of the perpetrator to gain or secure some pecuniary advantage for himself. I do not see how the assignors could ever receive, or expect to receive, any part of the proceeds of the assigned property, under or on account of the preference in favor of Lanes and Ker Boyce. The whole amount of the preference must go to the creditors of Lanes & Boyce, or to James P. Boyce, or to their other creditors, unless there should be a surplus after paying all the debts of the assignors.

The payment of $125,000 in September, 1860, to James P. Boyce, alleged to be due him, individually and as executor of Ker Boyce, from Wm. G. Lane & Co. and Wm. G. Lane individually, is, I think, satisfactorily explained in the affidavit of Wm. G. Lane, and I see nothing in the case to impeach the defendant.

I think, also, that it is satisfactorily shown that the indorsements of Le Roy M. Wiley, on account of which he is preferred, were given on account of and for the benefit of the firm. Upon the whole, I am of the opinion that order appealed from should be reversed.

ALLEN, J. Without passing definitely, at this stage of the action, upon the question of fraud upon the allegation of which the attachment was issued, we think it better that the attachment should be retained until the validity of the assignment shall be tested in the actions already commenced, or such as shall be commenced for that purpose. We are therefore for affirming the order.