Ellison agt. Bernstein.

## SUPREME COURT.

WILLIAM P. ELLISON and RODMAN B. ELLISON agt. ISAAC
BERNSTEIN.

LOUIS LEVENSON and MICHAEL LEVENSON agt. ISAAC BERNSTEIN.

JACOB GLADKE and MORRIS J. GLADKE agt. ISAAC BERNSTEIN.

*Attachments — What affidavits must show to entitle a person to, under subdivi-
sion 2 of section 636 of the Code of Civil Procedure.*

It matters not what a person believes or disbelieves, the applicant for
an attachment under subdivision 2 of section 636 of the Code of Civil
Procedure, must show by proof of facts known to the witnesses who
testify to them, that the belief in the intent to defraud by a disposition
of the property is well founded.   In other words the intent so to defraud
must be a fair and logical sequence from facts proved.

It is not enough that a witness is willing to testify to a fact positively; he
will not be allowed to so testify, when it is plain that he can have no
actual knowledge on the subject.   The sources of information must be
given, so that the tribunal called upon to act can see that the facts
sought to be proved are established by legitimate testimony.

The facts (even if true), that the defendant was insolvent when he made
the purchases, that he bought more goods than he needed, and that he
failed to disclose his insolvency in the absence of any false statements,
are not sufficient to show any intent to defraud.

Nor is it any evidence of intent to defraud, that the defendant refused to
secure the plaintiffs; so long as the law allows preferences to creditors
by a failing debtor, it cannot be proof of intent to defraud, that the
defendant intends to do what the law permits.

*Ulster Special Term, September,* 1880.

VOL. LIX      19

Motion by defendant in each of above actions to vacate attachments.

*F. L. Westbrook*, for defendant and motion.

*John J. Linsen*, for plaintiff opposed.

Westbrook, *J.* — A motion is made in each of the above entitled causes, to vacate the attachment issued therein. Such motions are founded solely upon the papers on which they were issued, and as the affidavits in the several cases are substantially alike, they will be considered together. 

The plaintiffs in two of the cases are merchants doing business in the city of New York, and in the third case the plaintiffs are merchants in the city of Philadelphia.

The indebtedness in one case was contracted in August, 1879; in another in September, 1879; and in the third in October, 1879.

In the one action (that of the Messrs. Gladke) most of the material allegations are on information and belief, but in the other two they are positive. The allegations are:

1st. That defendant was insolvent when he made his purchase, which insolvency he fraudulently concealed with intent to defraud.

2d. That defendant had been "for some years a merchant doing a small business at Kingston and Rosendale, New York." That the defendant at the same time made other purchases on credit of "goods of about the value of $12,000 or $15,000," whilst the amount of goods he "would naturally have required for his fall trade was only the sum of about $3,000."

3d. That defendant is indebted "to about the sum of $17,000, and his assets are only about half that sum."

4th. That defendant has not paid for his spring purchases, but has notes outstanding therefor.

5th. "That he intends to dispose of his property with intent to defraud his creditors."

6th. " That defendant has recently refused to secure claims against him, though large discounts were offered."

7th. That defendant has admitted inability to pay his debts as they matured, and that "he would secure or take care of the persons to whom he claimed to owe        *        *        'confidential' moneys to the exclusion of other creditors."

8th. " That defendant owns no real estate, but all the real estate of which he is possessed is in the name of his wife."

9th. That defendant is pressed by creditors, and the Gladke attachment is referred to in the two other cases.

The ground upon which these attachments are sought to be maintained is that plaintiffs have established, as the 636 section of the Code requires them to establish, that the defendant "has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property," with intent to defraud his creditors.

As the plaintiffs seek an extraordinary remedy founded on *ex parte* affidavits, it is not too much to require that they make out a plain case. This remark has often been made, and much more often disregarded. It matters not what a person believes or disbelieves the applicant for an attachment must show by proof of facts known to the witnesses who testify to them, that the belief in the intent to defraud by a disposition of the property is well founded. In other words, the intent so to defraud must be a fair and logical sequence from facts proved.

The first criticism to be made upon the affidavits is, how do the affiants know that the defendant is insolvent; that he made other purchases to the value of $12,000 or $15,000, when all the goods he would naturally require was only $3,000 ; that his indebtedness is $17,000, and his assets only half that sum ; that he had not yet paid for his spring purchases, and that he intends to dispose of his property with intent to defraud his creditors ? Evidently these are facts not within the personal knowledge of the witnesses. They must have been unknown to the plaintiffs when the goods were

sold, for if they had been, the sales would not have been made, and therefore the statements made must be the result, not of actual knowledge, but of subsequent inquiries. It is not enough that a witness is willing to testify to a fact positively; he will not be allowed so to testify, when it is plain that he can have no actual knowledge on the subject. The sources of information must be given, so that the tribunal called upon to act can see that the facts sought to be proved are established by legitimate testimony. The ordinary witness does not as a rule discriminate between actual knowledge and information, and a party who readily believes what it is his interest to believe, should, in an *ex parte* affidavit, show that he has knowledge, if he wishes his statement to be taken as evidence.

Assuming, however, the truth of the facts, that the defendant was insolvent when he made the purchases — that he bought more goods than he needed, and that he failed to disclose his insolvency — under the authority of *Nichols* agt. *Pinner* (18 *N. Y.*, 295), these facts, in the absence of any false statements, are not sufficient to show an intent to defraud. *Wright* agt. *Brown* (67 *N. Y.*, *page* 1), and the case marked " Anonymous," on page 98 of the same volume, are not in conflict with that just cited, but on the contrary its soundness is recognized. There is no such detailed statement in these cases of debts and resources, of past, present and possible future business of defendant, as to justify the inference that the defendant knew when he made these purchases that he could not pay for them, and therefore meant to defraud.

The remaining grounds for the issue of the attachments are equally bad. It was no evidence of intent to defraud, that the defendant refused to secure the plaintiffs ( *Vandenburgh* agt. *Hendricks*, 17 *Barbour*, 179), and so long as the law allows preferences to creditors by a failing debtor, it certainly cannot be proof of intent to defraud that the defendant intends to do what the law permits.

The attachments must be vacated with costs. If, however, the plaintiffs in either action wish to review this decision, the

operation of the orders to be entered will be stayed for ten days to enable them to make an application to the court for a further stay pending an appeal upon such terms as shall be just.

NOTE. — The decision in this case was affirmed at general term in November, 1880.—[REP.