KOKOMO STRAW–BOARD COMPANY, Respondent, *v.*
HORACE INMAN and HARRY A. INMAN, Appellants.

*Attachment — an affidavit therefor made by the plaintiff's attorney — what proof of
his knowledge as to counter-claims required.*

An affidavit upon which an attachment is applied for, when made by the plaintiff's
attorney, must, under the provisions of section 636 of the Code of Civil Pro-
cedure, show that the attorney had such knowledge that the plaintiff was
entitled to recover the sum stated therein over and above all counter-claims
known to him, as that he could give legal evidence of the facts necessary to
authorize the court to act.

Where an affiant does not necessarily have knowledge of, and cannot be presumed
to know, the several facts stated in his affidavit, he must disclose the information
upon which it is founded, and the sources thereof, so that the court may see
whether or not legal evidence exists of the necessary facts.

Appeal by the defendants from an order, made at a Special
Term of the Supreme Court in the county of New York, and
entered in the office of the clerk of the county of New York on
the 23d day of April, 1889, denying the defendants' motion to
vacate a judgment in favor of the plaintiff.

*A. C. Smith*, for the appellants.

*W. F. Upson*, for the respondent.

Van Brunt, P. J.:

The attachment in this case was issued upon the ground that the
defendants had disposed of their property with intent to defraud
their creditors, and the motion to vacate was made because of the
alleged insufficiency of the papers upon which such attachment
was issued.

It is claimed that the affidavit upon which the attachment was
issued was made by the attorney of record, and nothing appears from
the affidavit that he had either any personal knowledge as to the
matter of counter-claims, nor, if the allegation is to be deemed to be
made upon information and belief, is the information or the source
thereof disclosed. The provision of the Code (§ 636) requires that
it must appear by affidavit that the plaintiff is entitled to recover a
sum stated therein, over and above all counter-claims known to him,
and it has been repeatedly held that where such affidavit is made

by attorney it must appear that the attorney has such knowledge as that he can give legal evidence of the facts necessary to authorize the court to act. (*Tim* v. *Smith*, 93 N. Y., 91.)

It is in this case held that where an affiant does not necessarily have knowledge of, and cannot be presumed to know, the several facts attempted to be established by his affidavit, he must disclose the information upon which it is founded, and the sources thereof, so that the court may see whether or not legal evidence exists of the necessary facts. In the case at bar it does not appear that the affiant had ever acquired any information upon the subject from the plaintiff, and all that we have is his conclusion that because of his interviews with the defendants he would know, as fully as the plaintiff could do, the particulars of any and all claims of the defendants, and, therefore, avers that there are no offsets or counter-claims to the knowledge of deponent or of the plaintiff.

The allegation leaves the affiant the absolute judge as to whether he has the necessary information or not, and the court must take his word for it, without being able to form any judgment upon the merits. This it seems to us is insufficient, and the motion to set aside the attachment should have been granted.

Order appealed from reversed, with ten dollars costs and disbursements, and attachment vacated.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and attachment vacated.