## BUMP *v.* DEHANY.

*(Supreme Court, General Term, Fourth Department.* February, 1891.)

1. ATTACHMENT—AFFIDAVIT.
   Under Code Civil Proc. N. Y. § 2906, which provides that plaintiff, to entitle himself to an order of attachment, must show to the satisfaction of the justice that defendant "has departed, or is about to depart, from the county where he last resided, with intent to defraud his creditors or to avoid the service of process, or keeps himself concealed with the like intent," an affidavit by plaintiff that "defendant has disposed of in part and is about to dispose of the balance of all his property, and as deponent is informed and believes, with intent to defraud his creditors; * * * that the grounds of deponent's belief are as follows, viz.: That defendant has shipped out of the county large quantities of hay, * * * and is making preparations to move out of the county with all his property," and has made no efforts or promises to pay any of his debts to plaintiff or to others,—is insufficient.

2. SAME—INVALID ORDER—EFFECT ON JUDGMENT.
   Under Code Civil Proc. N. Y. § 3063, providing that the county court "may affirm or reverse the judgment of the justice in whole or in part, and as to any or all of the parties, and for errors of law or of fact," the county court, on appeal from a justice in an action where an attachment was granted by the justice after personal service of process on defendant, but on an insufficient affidavit, may affirm the judgment on the merits, and at the same time declare the attachment invalid.

Appeal from Madison county court.

Action by A. Melvin Bump against Michael Dehany. The justice issued a summons, which was personally served on the defendant on that day by a constable by delivering to the defendant a copy. On the same day an affidavit was presented and an application made for an attachment, which affidavit was as follows: "A. Melvin Bump, being duly sworn, deposes and says that he is the plff. in the above-entitled action, and is entitled to recover of the defendant the sum of $48.72, with interest on a certain demand assigned me by Thomas O. Taylor of $16.25, and interest from October 8th, 1889, over and above all counter-claims known to deponent, upon an account for goods and

merchandise sold to the defendant by plaintiff and the said Thomas O. Taylor, at the agreed price of $16.25; that said goods of the assigned bill of Thomas O. Taylor were sold at various dates between and including April 26th, 1889, and October 8th, 1889, no part of which has been paid, and the whole is now due; that the balance of said $48.72—$32.47— is for feed and meal sold and delivered to defendant by plaintiff at Peterboro mills, commencing on or about 1886, and ending September 30th, 1889, no part of said $32.47 of which has been paid, and making due plff. at this date with the assigned bill of Thomas O. Taylor the sum of $48.72; that the said defendant has disposed of in part and is about to dispose of the balance of all his property, and, as deponent is informed and believes, with intent to defraud his creditors, and that defendant has removed property and is about to remove property from the county with a l.ke intent; that the grounds of deponent's belief are as follows, viz.: That, defendant has shipped out of the county large quantities of hay owned by him, and is rapidly disposing of hay, hops, and other property. although he is indebted to various and divers persons in the neighborhood, including deponent, and is not to the knowledge of deponent paying any of said debts, and is making preparations to move out of the county with all his property; that deponent has frequently asked defendant to pay said bill of $32.47, and defendant has only replied that he did not know when he would pay it, and made no promises or efforts to pay the same, although defendant has sufficient assets to pay the same; that defendant is rapidly putting his personal property out of his hands, or converting the same into money, and will soon be beyond the jurisdiction of a justice's court with all his property or money. A. MELVIN BUMP. Subscribed and sworn to before me, March 6th, 1890. H. NILES HARRINGTON, Justice of the Peace." On the 6th of March, a constable, in virtue of the attachment, made a levy and an inventory of the property levied upon. The summons and the attachment were returnable on March 14th. On that day the defendant appeared especially, and moved to vacate the attachment, upon the grounds there stated. The motion was overruled by the court, and the return shows, "Case called and parties appeared generally." Plaintiff's complaint was filed. Defendant's answer was filed. The motion to vacate the attachment was renewed by the defendant, and the motion was denied. The case was by the consent of parties adjourned to the 19th of March. On that day the parties again appeared, and the plaintiff, to maintain his action, gave evidence entirely sufficient to establish his right to recover on the merits. The justice rendered a judgment on the 22d of March, 1890, for $48.72 damages and $6 costs, against the defendant, which was affirmed by the county court, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*John A. Johnson*, for appellant. *Senn & Lownsberry*, for respondent.

HARDIN, P. J. Under section 2906 of the Code of Civil Procedure the plaintiff, in order to entitle himself to an attachment, was required to show by affidavit, to the satisfaction of the justice, that the defendant "had depar    , or is about to depart, from the county where he last resided, with intent to defraud his creditors, or to avoid the service of a summons; or keeps himself concealed with the like intent." We think the affidavit was insufficient. In *Thompson* v. *Dater*, 10 N. Y. Supp. 613, it was said: "Attachments are not to be granted on beliefs and suspicions. They operate to give an advantage to one creditor over others; and some wrongful act, or the evident intent to do some wrongful act, must be shown to justify them." In *Morris* v. *Talcott*, 96 N. Y. 107, it was said: "A party, therefore, relying upon the establishment of a cause of action or a right to a remedy against another, based upon the alleged commission of a fraud by such person, must show affirmatively facts and circumstances necessarily tending to establish a probability of guilt, in order to maintain his claim." We are therefore of the opinion that

the justice committed an error in denying the several motions made to vacate the attachment. The question therefore arises, what is the effect upon the judgment rendered by the justice? Assuming, as we do, that the justice ought to have granted the motion to vacate the attachment, still, as the summons was personally served, he had jurisdiction of the defendant and of the subject-matter, and was authorized to hear the proofs and give judgment thereon. It is provided in section 2917 of the Code of Civil Procedure, viz.: "Vacating the warrant of attachment does not affect the jurisdiction of the justice to hear and determine the action, where the defendant has appeared generally in the action, or where the summons was personally served upon him." Had the justice vacated the attachment in virtue of the section we have just adverted to, the justice would still have had jurisdiction "to hear and determine the action," as there had been a personal service of the summons. In section 2918 it is provided that where the summons has not been personally served, or where the defendant has not appeared, and the property has been attached by virtue of a warrant which has not been vacated, the justice must proceed to hear and determine the action. In such cases the execution issued and the judgment so rendered "must require the constable to satisfy it out of the property so attached, without containing a direction to satisfy it out of any other property." We think the error committed by the justice in refusing to vacate the attachment ought not, under the circumstances, to vitiate the judgment rendered upon the merits. We are therefore of the opinion that the county court, being called upon to render a judgment on appeal without regard to technical errors or defects which do not affect the merits, should have pronounced a judgment declaring the attachment invalid. Section 3063, Code Civil Proc. That section provides that the county court "may affirm or reverse the judgment of the justice, in whole or in part, and as to any or all of the parties, and for errors of law or of fact." We are therefore of the opinion that the judgment of the county court should be modified so as to adjudge that the attachment issued by the justice be vacated, and that the judgment of the justice court on the merits should be affirmed. All concur.