GLOBE YARN MILLS v. BILBROUGH et al.

(Common Pleas of New York City and County, General Term.    December 5, 1892.)

1. JURISDICTION OF CITY COURT—ACTION BY FOREIGN CORPORATION.
    Code Civil Proc. § 315, gives the New York city court jurisdiction of both "domestic and foreign corporations" in actions for money not exceeding $2,000 in amount.    Section 1779 provides that foreign corporations may be sued in the same manner, and subject to the same limitation, as domestic corporations.    *Held,* that such city court has jurisdiction of an action by a foreign corporation on a note payable within the state, though outside of that city.    19 N. Y. Supp. 176, affirmed.

2. ATTACHMENT—AFFIDAVIT—SUFFICIENCY.
    Under Code Civil Proc. § 636, which requires an affidavit for attachment to show that plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to him, an affidavit made on behalf of a corporation is sufficient, where it states that the amount demanded is due "over and above all counterclaims known to plaintiff or deponent," without showing that affiant has any knowledge of plaintiff's business, or stating such fact on information and belief

Appeal from city court, general term.

Three actions by the Globe Yarn Mills against William H. Bilbrough and others. An order denying a motion to vacate the attachments was affirmed at general term of the city court of New York, (19 N. Y. Supp. 176,) and defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Kneeland, Stewart & Epstein, (Ira B. Stewart, of counsel,) for appellants.

Eaton & Lewis, (Sherburne B. Eaton, Eugene H. Lewis, and Arthur P. Hodgkins, of counsel,) for respondent.

PRYOR, J. The grounds upon which the orders are impugned are, as to action No. 3, that it is beyond the jurisdiction of the court, and no evidence appears to warrant the attachment. Action No. 3 is on a negotiable note made at Cohoes, and payable at Troy. The cause of action did not arise in the city of New York. Neither of the parties resides here, nor was the summons served in the city. Appellants argue that because, upon this condition of fact, the court of common pleas would not have jurisdiction of the action, it is a necessary inference that the city court also is without jurisdiction. But the conclusion is a non sequitur. It may be an anomaly, but it is not a legal impossibility, that the appellate tribunal should not have original jurisdiction of a matter which is within the cognizance of the subordinate court. It is within the power of the legislature to perpetrate a legal solecism, and the question of jurisdiction must be solved by reference to the statute. Of any action for a sum of money not exceeding $2,000, "against a natural person or a foreign or domestic corporation," the city court has jurisdiction. Code, §§ 315, 316. By section 1779, "an action may be maintained by a foreign corporation in like manner, and subject to the same regulations, as where the action is brought by a domestic corporation, except as otherwise specially prescribed by law." It is not controverted that the city court has jurisdiction of an action by a domestic corporation, and it is not pretended that any special provision of law restricts the concession of jurisdiction as to foreign corporations. It is not denied that the defendants are resident in the state of New York, nor that the summons was duly served upon them pursuant to section 3170 of the Code. Upon this state of fact there is no escape from the conclusion that the court below has jurisdiction of the action.

In defeat of the attachments in all the actions, the appellants contend that the affidavit is insufficient, in not showing by competent and adequate evidence that "the plaintiff is entitled to a sum stated therein, over and above all counterclaims known to him." Code, § 636. The affidavit is in three actions, is made by the same person, and, touching the point in question, is as follows: "The plaintiff is entitled to recover the amount of the note, [in action No. 3,] of the draft, [in actions Nos. 1 and 2,] with interest thereon, over and above all counterclaims and offsets known to the plaintiff or deponent." It is observed that, as to counterclaims and offsets, the affirmation is positive and absolute, not upon information and belief; and appellants' contention is that "it is

not shown that the affiant has any knowledge of the plaintiff's business, general or specific, or any connection therewith, and therefore his positive statement as to no counterclaim or offset can have no weight."

The statute does not require an affidavit that there are no counterclaims, but only that there are none known to the plaintiff. The statement of the affiant as to his own knowledge is, of course, free from criticism; but not his knowledge, but the knowledge of the plaintiff, is in controversy. The plaintiff, being a corporation, can have no knowledge; and therefore the question is as to the knowledge of officers most likely to be informed as to the corporate liabilities. The instruments in suit were given for goods sold by the plaintiff to the defendants, and so of themselves import an absence of any counterclaim. It is common knowledge that, in the transactions of trade, buyers usually give notes or drafts only for the balance of account; and the presumption thus arising from the general course of business between mercantile men afforded the affiant some ground, not of belief only, but of knowledge, that no counterclaim existed against the debt in action. Furthermore, the affiant got the instruments from the plaintiff's treasurer, to whose order, indeed, they were payable. That officer is presumed to be familiar with the financial condition of the plaintiff; and hence here is another avenue of intelligence by which the affiant might have come to know if any counterclaim existed against the plaintiff's demand. Having the means of knowledge, and deposing positively to the fact, the inference is that the affiant had knowledge of the fact. Since, then, it is only in case the affiant could not have had knowledge of the fact that his positive affirmation is insufficient and inadmissible, and as here he might have known the fact in the sense that all save pedants employ the word, namely, a conviction of a fact upon satisfactory evidence,—have known it in the only way possible to ascertain that no counterclaim existed, that is, by a process of inquiry and inference,—we hold the affidavits to be competent and adequate to sustain the orders.

The statute is remedial, and should not be nullified by a literal construction. Upon such construction a corporation plaintiff could never obtain an attachment, for a corporation is incapable of knowledge. Upon such construction an affidavit by plaintiff's treasurer even would not suffice, for he cannot be supposed to know but that upon matter subsequent to a sale a counterclaim may not have arisen, as for breach of warranty or some other agreement, express or implied, of the corporation. In granting provisional remedies, courts do not proceed upon the technical rules of evidence regulating the final determination of the rights of parties on a trial. They allow affidavit evidence; they dispense with cross-examination; they are content with prima facie proof. If from the evidence before them an inference of the requisite fact may be drawn sufficiently cogent to satisfy their judgment, it is enough to authorize the order. Code, § 636.

The proposition upon which this opinion proceeds is sustained by the authorities cited by the appellants themselves. "The true rule is that the statements in affidavits will be presumed to be made on personal knowledge, except where it appears affirmatively or by fair inference

that they could not have been and were not made on such knowledge." Van Brunt, P. J., in Crowns v. Vail, (Sup.) 4 N. Y. Supp. 324. An affidavit by an agent must contain something to enable the court to see how he did or could know the facts, or which showed the relations between him and the plaintiff to be such as to raise a presumption that he might have personal knowledge as to the fact. "The provisions of the statute must be substantially observed." Buhl v. Ball, 41 Hun, 61, 64. "The witness will not be allowed to testify to a fact positively, when it is plain he can have no actual knowledge on the subject." Ellison v. Bernstein, 60 How. Pr. 145. "An affidavit for attachment made by the president of plaintiff's bank, averring that there are no counterclaims within his knowledge to the demand sued on, is sufficient, without showing that the affiant had knowledge of all the transactions between plaintiff and defendant out of which counterclaims might have arisen." Bank v. Johnson, (Sup.) 16 N. Y. Supp. 71. "It is not necessary now, in order to secure the benefit of the provisional remedy of attachment, to do more than establish a prima facie case; and this is accomplished when, upon all the allegations, the court can perceive, on sufficient proof, that a demand is due over and above all counterclaims." Lee v. La Compagnie, 2 N. Y. St. Rep. 612.

The motion to vacate the attachments proceeded upon the papers on which they issued. Thus, none of the allegations in those papers being denied, the plaintiff, in support of the orders, is entitled to the benefit of all legitimate inferences from the facts shown, i. e., that no counterclaim exists against the demand in suit.

Orders affirmed, with costs and disbursements. All concur.