THOMAS KINGSFORD, Respondent, *v.* GEORGE A. BUTLER, Appellant.

*Judgment by default before a justice of the peace — an attachment improperly issued treated as if no attachment had been issued — an unauthorized entry of judgment is not a technical error.*

It is the duty of a justice of the peace, upon the return of a summons that has not been personally served, to enter judgment by default, only when the record shows an attachment lawfully issued and regularly executed.

Where an attachment has been improperly issued by a justice of the peace, the justice upon the return of the summons should treat the case as if no attachment had ever been issued, and in such a case where the summons has not been personally served, an entry of judgment by default against the defendant is unauthorized.

The entry of such a judgment by default is not a merely technical error, and section 3063 of the Code of Civil Procedure does not apply to such a case.

APPEAL by the defendant, George A. Butler, from a judgment of the County Court of Oswego county in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the

In *Titus* v. *Poole* (60 Hun, 1), the defendant sought to defeat the claim against him because it was not brought within six months after its rejection. But the court held that although not brought within such period, the provisions of section 1822 did not control, because an action for the same claim had been commenced within the six months in which the plaintiff was nonsuited, and that, hence, the provisions of section 405 authorize him to commence a new action notwithstanding the limitation prescribed in section 1822.

In *Wilder* v. *Ballou* (63 Hun, 118), the defendant sought to defeat the action on the ground that it was barred by the short limitation contained in section 1822. But the court held that it was not barred, because the commencement of the action on the claim was "stayed by an order of court," and that, hence, under the provisions of section 406, the time of continuance of such stay was no part of the six months' limit fixed by section 1822.

Here are two distinct decisions, that the limitation provided for in section 1822 may be modified and overcome by the provisions of sections 405 and 406 in chapter 4.

In other words, that a claim presented to an executor and rejected, is not such a case as is excepted from the operation of the provision of chapter 4 by section 414.

If, by virtue of the provision of section 406, the time during which an action is stayed by order of court is no part of the six months' limit provided by section 1822, clearly section 401 can apply and the time during which this defendant was a non-resident and out of the State is no part of such limitation.

On the authority of the cases above cited I must hold that this action was not barred.

29th day of December, 1892, affirming the judgment of a justice of the peace of the city of Oswego.

*D. P. Lester*, for the appellant.

*L. W. Baker*, for the respondent.

PARKER, J.:

The facts disclosed by the appeal book in this action are substantially as follows:

A justice of the peace issued a summons in favor of this plaintiff against the defendant upon the 13th day of August, 1892. At the same time he issued a warrant of attachment against the defendant's property. The attachment was levied by the constable on certain personal property of the defendant, and a certified copy of it, and of an inventory of the property so levied upon, and of the summons, were each left by the constable at the defendant's last place of residence with a person of suitable age and discretion. No personal service of the summons was ever made upon the defendant, nor any service other than as above stated. The affidavit upon which the warrant of attachment was issued, was wholly insufficient to give the justice jurisdiction. The case of *Bump* v. *Daheny* (36 N. Y. St. Repr. 114), is an authority precisely in point on that question, and its insufficiency is practically conceded on this appeal.

Upon the return day of the summons, no one appeared on the part of defendant, and judgment was taken against him by default, in plaintiff's favor for forty-seven dollars and twenty-five cents, debt and costs.

The defendant subsequently appealed to the County Court of Oswego county, where the judgment of the justice was affirmed, and from such judgment this appeal is brought.

There is no statute giving a justice of the peace authority to enter judgment against a defendant on default, unless the summons has been personally served upon him, except the provisions of section 2918 of the Code. By that section it is provided that when a defendant does not appear, and the summons has not been personally served upon him, nevertheless judgment may be rendered against him if his property "has been duly attached by virtue of a warrant that has not been vacated." The section further provides

that the judgment so rendered is only presumptive evidence of indebtedness, and that it can be satisfied by execution only against the property so attached.

In the case at bar, therefore, the justice had no jurisdiction to enter judgment against defendant, unless his property had been "duly attached by virtue of a warrant that had not been vacated."

It is true that the warrant which the justice assumed to issue had never been vacated, but can it be said that defendant's property had ever been "duly attached" by virtue of it? I think not. The attachment was entirely unauthorized. It ought never to have been issued, and the property of the defendant ought never to have been taken upon it.

By section 2916, the justice is given authority, "on his own motion," to vacate the attachment on the return of the summons "if he deems the papers on which it was granted insufficient to authorize it." Reading all these provisions together, I think it is the duty of a justice, on the return of a summons that has not been personally served, to enter judgment by default *only* when the record shows an attachment lawfully issued and regularly executed. For the want of a personal service of summons, he has never acquired jurisdiction over the person of defendant, and for the want of an attachment lawfully issued, the proceeding against the property of defendant is utterly unauthorized.

Not even as against the property attached has he acquired any jurisdiction, for clearly he cannot do so, by issuing a process he had no authority to issue, nor by omitting to vacate such a process after having assumed to issue it. On the return of the summons, therefore, the justice should have treated the case as if no attachment had ever been issued, and his entry of judgment by default against defendant was, therefore, unauthorized.

The respondent's counsel claims that the defendant does not dispute the validity of the debt; that the errors alleged are purely technical, and that, therefore, under section 3063 of the Code, the County Court correctly affirmed the judgment. The difficulty with that argument is that the error complained of is not by any means a technical one. The question presented by this appeal is whether a justice of the peace may enter judgment against a party on default without first having, by some lawful process, acquired jurisdiction

to do so. In the course of this action, the defendant has not, as yet, been called upon to question the validity of the plaintiff's claim. When he shall have been lawfully summoned into court, or when his property shall have been lawfully subjected to the judgment of the court, by the service of a lawful process against it, it may be that he will successfully defend against the plaintiff's claim; and until he has been called upon to make his defense, it can hardly be said that "justice has been done" by rendering any judgment whatever against him.

It does not appear, therefore, that the *amount* of the judgment even, is correct, and it does appear that the justice had no jurisdiction to render any judgment whatever against defendant. To such a case, section 3063 does not apply, and the judgment of the justice should have been reversed.

MERWIN, J., concurred in result; HARDIN, P. J., not voting.

The judgment of the County Court and of the justice should be reversed, with costs.