Charles S. Murphy, Appellant, *v.* William C. Jack and Another, Respondents.

*Attachment, statutory only — the affidavit need not be made by a party — it may be made on information and belief when the source of information is stated — information obtained by telephone, sufficient.*

The right to attach property to secure the payment of a debt before recovering a judgment against the alleged debtor is not a common-law right, but exists by virtue of the statute, the requirements of which, and the procedure prescribed by which, must be substantially complied with by the attaching creditor in order that he should acquire a valid lien on the debtor's property.

It is not required that an affidavit to obtain a warrant of attachment be made by the plaintiff, nor by any one having personal knowledge of the existence of the facts stated therein, but an affidavit made by the agent or by the attorney of an attaching creditor, averring that the facts required to be shown exist as the affiant is informed and believes, stating the source of his information and the grounds of his belief, is sufficient to confer jurisdiction on a judge to grant an attachment.

Where courts and judicial officers are asked to act upon affidavits made on information and belief, they require, as a matter of safety, that the source of the information, and the means by which it was communicated, be disclosed, and if the source of information be a person, it must be one whom the court can see probably had personal knowledge of the facts communicated, and the means by which the communication is made must be one which experience has shown to be usually reliable, and which a prudent man would employ in a matter of importance to himself.

In an attachment proceeding the affidavit to procure the warrant was made by the plaintiff's attorney, upon information and belief, the source of the information being a communication made to the affiant by the plaintiff through a long-distance telephone from Boston to New York city.

*Held*, that the source of the affiant's information was the best;

That the means of communication was sufficiently reliable to justify the affidavit and to uphold the warrant of attachment;

That the fact that the plaintiff was without the State and that the affiant believed that the defendant's attachable property would be removed therefrom before an affidavit could be obtained from the plaintiff, was a sufficient excuse for presenting the affidavit of the attorney instead of that of the party.

Judicial action can be based on information transmitted by telephone, although the affiant cannot swear that he knew and recognized the voice of the person with whom he communicated. (VAN BRUNT, P. **J.**, dissenting.)

There can be no absolute rule by which the sufficiency of evidence to sustain attachments can be determined, and every case must depend largely upon its own facts, and somewhat upon the nature of the action, and also upon the fact between whom the question arises.

APPEAL by the plaintiff, Charles S. Murphy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of October, 1893, directing that a warrant of attachment granted herein be vacated and set aside.

It is alleged in the verified complaint that the defendants purchased goods of the plaintiff and agreed to pay therefor $1,354.80 July 20, 1893, but have not paid the same nor any part thereof. The complaint was verified by one of the plaintiff's attorneys for the reason, as stated in the verification, that the plaintiff was not then in this State, but in the State of Massachusetts. It is averred, on information and belief, in the affidavit that the plaintiff is entitled to recover $1,354.80, with interest from July 20, 1893, over and above all counterclaims known to the plaintiff, that the plaintiff is a resident of Boston, Mass., and that the defendants reside at Gardiner, Me.

The affidavit is made by one of the attorneys of the plaintiff, who states that he acquired his information on the day of the date of the affidavit from the plaintiff by a conversation carried on with him by means of a telephone, the affiant being in New York and the plaintiff in Boston. The following reason is given why the affidavit is not made by the plaintiff:

" Deponent asks that an attachment may be granted without waiting for affidavits to be obtained from Boston, for the reason that it is possible, as deponent is informed and believes, to attach property to-day in New York city belonging to the defendants, but that it would be likely to be removed and lost if a day's delay were required."

The complaint and affidavit were verified August 2, 1893, and a. sufficient undertaking was given, and an attachment was granted on the same day by a judge of this court, which was vacated on the papers on which it was granted by a Special Term held by another judge of this court.

*Sullivan & Cromwell*, for the appellant.

*Henry D. Hotchkiss*, for the respondents.

FOLLETT, J. :

The right to attach property to secure the payment of a debt before recovering a judgment against the alleged debtor is not a common-law right, but in this, as in most of the States, it exists by virtue of statutes, the requirements of which and the procedure prescribed by them must be substantially complied with by the attaching creditor in order to acquire a valid lien on the debtor's property. Our Code requires the plaintiff " to show by affidavit to the satisfaction of the judge granting the same (attachment)" the necessary facts. The Code does not require that the affidavit shall be made by the plaintiff nor by any one having personal knowledge of the existence of the facts stated in the affidavit, but an affidavit made by the agent or by the attorney of the attaching creditor averring that the facts required to be shown by section 636 ·of the Code exist, as the affiant is informed and believes, stating the source of his information and the grounds of his belief, is sufficient to confer jurisdiction on a judge to grant an attachment. (*Buell* v. *Van Camp*, 119 N. Y. 160 ; *Bennett* v. *Edwards*, 27 Hun, 352 ; *Crowns* v. *Vail*, 51 id. 204 ; *Kokomo Strawboard Co.* v. *Inman*, 53 id. 39 ; *Globe Yarn Mills* v. *Bilbrough*, 2 Misc. Rep. 100 ; *Reichenbach* v. *Spethmann*, 5 Month. Law Bull. 42.)

In the case at bar, the existence of the facts necessary to confer jurisdiction on the judge having been shown by affidavit, the question is, ought the judge to have been satisfied by the evidence presented ? When courts and judicial officers are asked to act upon affidavits made on information and belief, they require, as a matter of safety, that the source of the information and the means by which it was communicated be disclosed. If the source of information be a person, it must be one whom the court can see probably

had personal knowledge of the facts communicated, and the means by which the communication is made must be one which experience has shown to be usually reliable, and one which a prudent man would employ in a matter of importance to himself.

The source of information in this case was the plaintiff, 'the person of all others most likely to have personal knowledge of the existence of the debt, its amount and the residence of the debtors. The source of the affiant's information is the best, and, indeed, it was not questioned by the learned judge at Special Term, nor is it by the learned counsel for the respondents, except that it is suggested that some of the information was communicated by the plaintiff's attorney in Boston, but it is specifically stated in the affidavit that all of the jurisdictional facts were communicated by the plaintiff. But it is said that the means by which the affiant acquired his information is not sufficiently reliable to authorize or support judicial action. The means through which the plaintiff derived his information was a conversation by a long-distance telephone, the plaintiff being in Boston and the affiant in New York.

It has been held that an attachment· may be based upon facts reported to the affiant by means of a cablegram. (*Reichenbach* v. *Spethmann, supra.*)

In the case last cited an attachment was granted and sustained on information cabled from Europe to the affiant in New York. Certainly the means would not have been less reliable had the sender and receiver of the cablegram been able personally to have communicated with each other by telegraph and had done so. There was certainly no greater chance for error in communicating the information received by the affiant, in the case at bar, in the manner in which it was communicated, between persons interested in arriving at the exact facts, than there would have been in a communication transmitted either by telegraph or telephone, and written out and delivered in the ordinary way.

We do not think that it will do to hold that judicial action cannot be based on information transmitted by telephone, unless, as it is suggested, the affiant swears that he knew and recognized the voice of the person with whom he communicated. Such identification is impossible in telegraphic communication, and the precaution of repeating dispatches would afford no greater security against decep-

tion than the opportunity of personal inquiry and cross-examination over the telephone. There can be no absolute rule by which the sufficiency of evidence to sustain attachments can be determined, and every case must depend largely upon its own facts, and somewhat upon the nature of the action, and also between whom the question arises. In the case at bar, the cause of action is a liquidated demand arising on the sale of goods. The grounds for the attachment are the defendants' indebtedness and that they are nonresidents of the State, two simple facts, which, as between the creditor and debtors, we think were established *prima facie* by the complaint and affidavit used on granting the writ, and that the burden was cast on the defendants, if they desired relief from the attachment, to rebut the presumption arising from these affidavits and show affirmatively either that they were not indebted or that they were not non-residents of the State.

Had the question arisen between subsequent lienors a stricter rule might be enforced, but as between these parties it seems to us that the plaintiff should not be deprived of his lien unless the defendants overthrow the *prima facie* case of the plaintiff.

The fact that the plaintiff was without the State, and that the affiant believed that the defendants' attachable property would be removed from this State before an affidavit could be obtained from the plaintiff, was a sufficient excuse for presenting the affidavit of the attorney instead of that of the party.

The order should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs, but with leave to the defendants to make a new motion upon affidavits for an order vacating the writ.

O'BRIEN, J., concurred.

VAN BRUNT, P. J. (dissenting):

I cannot concur in the conclusion of the foregoing opinion.

It proceeds upon the assumption that the attorney communicated with the plaintiff by telephone and received from him the facts necessary to be presented to the court upon the application for attachment.

The attorney did not see the plaintiff nor did he recognize his voice; where then is there any proof that the plaintiff communi-

cated anything? In the case of a telegram a record is made. The original dispatch is preserved and accessible, but in the case of communication by telephone nothing is left to which any test can be applied by which the accuracy or authenticity of the alleged communication can be determined.

Order reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs, but with leave to the defendants to make a new motion upon affidavits for an order vacating the writ.