(17 Misc. Rep. 105)

## TULLER et al. v. HOWARD.

### (Oneida County Court. May, 1896.)

1. ATTACHMENT—DEPARTING FROM STATE WITH INTENT TO DEFRAUD.

An allegation that defendant had departed from the state with intent to defraud his creditors is not established by the affidavit of defendant's clerk, verified on September 14th, stating that on September 8th defendant left his store, saying that he was going to Delaware, and would be back on the 13th or 14th; that he failed to leave his address, as requested by affiant; that he told affiant that there were no bills payable, when in fact various bills were payable, and had since been presented; and that defendant had not returned, or in any way communicated with affiant; while the constable's return showed that summons was personally served on defendant at his residence on September 14th, the day on which defendant stated that he would return home.

2. APPEAL—REVERSAL—ERRONEOUSLY REFUSING TO VACATE ATTACHMENT.

Erroneously refusing to vacate an attachment is no ground for reversing the judgment on the merits. Bump v. Daheny, 12 N. Y. Supp. 901, 59 Hun, 619, followed. Fritze v. Pultz, 2 Civ. Proc. R. 142, disapproved.

Appeal from justice court.

Action by Ackley P. Tuller and others against James Howard. There was a judgment in favor of plaintiffs, and defendant appeals. Affirmed in part, and reversed in part.

D. F. Searle, for appellant.
S. M. Stevens, for respondents.

DUNMORE, J. An attachment was granted by the justice, in this case, on the ground that defendant, being a natural person, and a resident of the state of New York, had departed therefrom with intent to defraud his creditors. The affidavit of defendant's clerk, upon which the attachment was granted, showed that defendant, who was a retail grocer, had on the 8th day of September, 1895, left his store, in Rome, N. Y., in charge of said clerk, telling him that he was going to Wilmington, Del., and would be back Friday night

or Saturday morning, September 13th or 14th; that the clerk asked defendant for his address, but he failed to leave it; that defendant told the clerk that there were no bills payable, and, if the clerk needed anything for the store, he could get it in town, at one of the wholesale stores; that, from bills presented against defendant, it appeared that there were bills owing, due, and unpaid, to the amount of at least $575; that various bills against defendant have been presented since his departure; that a sight draft has been presented for payment; that said bills and drafts had been presented to said clerk since defendant's departure; that defendant had not returned, or in any way communicated with the clerk since his departure. The foregoing facts were stated in the affidavit of the clerk. One of the plaintiffs made an affidavit in which he stated that defendant was a natural person, etc., and had departed from the county of Oneida, and state of New York, with intent to defraud his creditors, as more fully appears from the annexed affidavit of Howard M. Thayer, the clerk. This was all the evidence to sustain the attachment. Upon the other hand, the constable's return showed that the summons was personally served upon defendant, in the city of Rome, on the 14th day of September, 1895,—the very day the affidavits of plaintiff were verified, and the very day that defendant had stated that he should return to his home. Upon these facts, defendant, on the return of the summons, moved, before the justice, to vacate the attachment. This motion should have been granted. There was no evidence to sustain the claim that defendant had departed from the county and state with intent to defraud his creditors. I do not discover that any other substantial error was committed by the justice at the time of the trial. In Bump v. Daheny, 59 Hun, 619, 12 N. Y. Supp. 901, it was held by the general term of this department that an error committed by the justice, in erroneously refusing to vacate an attachment, was no ground for reversing the judgment upon the merits. The superior court of Buffalo, however, has held that a substantial right was affected, and the judgment should be reversed. Fritze v. Pultz, 2 Civ. Proc. R. 142. I, however, regard the decision of the general term of this department as conclusive upon this branch of the case.

As the judgment in this case can be affirmed only in part, the costs are regulated by section 3066 of the Code of Civil Procedure, which provides that, if the judgment is affirmed only in part, the costs, or such a part thereof as to the appellate court seems just, not exceeding $10 besides disbursements, may be awarded to either party. As the motion to vacate the attachment was promptly made by defendant, and as defendant has been right in his contention, I think he should have the full allowance of costs permitted by that subdivision.

The judgment is therefore affirmed upon the merits of the action, but reversed so far as it sustains the attachment granted therein, with $10 costs and disbursements, to be recovered by appellant against the respondents. Ordered accordingly.