## J. H. MOHLMAN CO. v. LANDWEHR.

(Supreme Court, Appellate Division, Second Department.   October 16, 1903.)

1. MUNICIPAL COURT—JURISDICTION—JUDGMENT BY DEFAULT—ATTACHMENT.
   Under the Municipal Court act (Laws 1902, p. 1519, c. 580, § 91), requiring the court to proceed to determine the action where the defendant has not appeared and defendant's property has been duly attached by virtue of a warrant not vacated, though summons was not personally served, the court had no jurisdiction to enter judgment by default in a case where summons was not personally served and the validity of the attachment was denied for insufficiency of the affidavits.

2. SAME—ATTACHMENT—AFFIDAVITS—FRAUD AS TO CREDITORS.
   Where affidavits for an attachment on the ground that defendant had disposed of his property with intent to cheat and defraud his creditors on the day before the affidavits were verified alleged certain suspicious acts on the part of defendant subsequent to the sale, but such facts were physically consistent with the receipt by defendant of the full value of the property, and with the intent on his part to apply the proceeds in good faith to the payment of his debts, the affidavits were insufficient to sustain the writ.

3. SAME—BURDEN OF PROOF.
   Where an attachment is sought on the ground that defendant had disposed of his property with intent to cheat and defraud his creditors, the burden of proving a fraudulent intent is on the plaintiff.

4. SAME—AFFIDAVITS—VERIFICATION—INFORMATION AND BELIEF.
   Where it appeared from attachment affidavits that plaintiff's averments as to the grounds of attachment were not based on personal knowledge, and the situation of the parties was such as not to create a presumption of knowledge, failure of the affidavits to allege the sources from which plaintiff's information was obtained was a fatal defect.

5. SAME—FRAUD.
   The fraud required by the Code to sustain an attachment on the ground that defendant had disposed of his property with intent to cheat and defraud his creditors is moral, rather than constructive, fraud, and is therefore not satisfied by a fraudulent disposition of goods in violation of Laws 1902, p. 1249, c. 528, providing that all sales of an entire stock of merchandise in bulk shall be fraudulent and void unless certain things are done five days before the sale.

Appeal from Municipal Court of New York.

Action by the J. H. Mohlman Company against George Landwehr. From a Municipal Court judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Jacob J. Lesser, for appellant.

HIRSCHBERG, J.   The judgment was entered by default, as provided by section 91 of the act in relation to the Municipal Court of the city of New York, etc. (chapter 580, p. 1519, Laws 1902).   This is substantially the same provision as is made by section 2918 of the Code of Civil Procedure for the government of justices' courts, and requires that the court shall proceed to hear and determine the action where the defendant has not appeared and the summons has not been

¶ 4. See Attachment, vol. 5, Cent. Dig. § 255.

personally served upon him, but his property has been duly attached by virtue of a warrant which has not been vacated. In this case the summons was not personally served, and the defendant did not appear, but an attachment was issued, the validity of which, however, is denied by the appellant on the ground that the affidavits upon which it was issued were insufficient to authorize it. In such case the court would be without jurisdiction to enter judgment against the defendant by default. Kingsford v. Butler, 71 Hun, 598, 24 N. Y. Supp. 1094.

I think the affidavits were insufficient. The ground of the attachment is that the defendant had disposed of his property with intent to cheat and defraud his creditors. The affidavits were verified on February 13, 1903, and established the fact that on the day before (February 12th) the defendant's store was closed, with a notice posted in the window, as follows: "Will open under new management within three days. [Signed] Sam. Lipschitz." A man was seen inside arranging and "lotting up" the stock as if for an auction. In the evening of the 12th, one of the affiants, having gained access to the store, was shown by the person in charge an "alleged bill of sale" of the stock from Samuel Lipschitz to Arnold Tuck for a nominal consideration. It further appeared that the defendant was indebted to various persons; that the stock of goods was all his property; and that on inquiry at his boarding house parties were told that he had gone away, and would not return. There was no evidence whatever as to the manner in which the defendant had disposed of the stock of goods, or on what terms, and no fact or circumstance disclosed tending to indicate that such disposition was with the fraudulent intent of cheating creditors, other than may be inferred from the facts stated. Yet if it be assumed that the defendant did sell the stock to Lipschitz on or prior to February 12th, nevertheless, as all the suspicious acts of the vendor or of his vendee which have been noted were subsequent to such sale, they must be regarded as physically consistent with the receipt by the defendant of the full value of the property, and with the intent on his part to apply the proceeds in good faith to the payment of his debts. The burden of proving a fraudulent intent is with the party applying for the writ, and circumstances which may create a strong suspicion, but yet fall short of prima facie proof, are not sufficient. Thompson v. Dater (Sup.) 10 N. Y. Supp. 613; Bump v. Daheny (Sup.) 12 N. Y. Supp. 901.

The plaintiff obviously relied chiefly upon certain allegations in the affidavits which were designed to show that the disposition by the defendant of his property was in violation of the provisions of chapter 528, p. 1249, of the Laws of 1902, entitled "An act to regulate the sale of merchandise in bulk." By the terms of that act a sale of any portion of a stock of merchandise other than in the ordinary course of trade in the regular and usual prosecution of the seller's business, or the sale of an entire stock of merchandise in bulk, is declared to be fraudulent and void as against the creditors of the seller, unless at least five days before the sale the seller and purchaser do certain things not necessary to particularize in this opinion. That the defendant and his assumed purchaser did not do the things required by the act in

question is averred in the affidavits, but it is evident from the nature of the acts, as well as from the language of the affidavits, that the assertion is not based upon personal knowledge. The situation of the parties is not such as to create a presumption of knowledge, and no sources of information are disclosed. The affidavits in this respect are therefore manifestly insufficient. Mechanics' & Traders' Bank v. Loucheim (Sup.) 8 N. Y. Supp. 520; Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324; Kokomo Straw-Board Co. v. Inman, 53 Hun, 39, 5 N. Y. Supp. 888; Tim v. Smith, 93 N. Y. 87, 91. Moreover, assuming that the act in question is constitutional, the fraud is one which is declared by statute, and not the actual and intentional frauds contemplated by the Code as ground for an attachment. The weight of authority in this state is to the effect that the provisions of the Code in this regard relate to a moral, rather than to a constructive,. fraud. Belmont v. Lane, 22 How. Prac. 365; Milliken v. Dart, 26 Hun, 24; Casola v. Vasquez, 147 N. Y. 258, 41 N. E. 517. In other words, there must be an actual or intended fraud in order to authorize an attachment, and not merely one declared to be such by statute because of the omission of certain specified formalities.

The defendant moved to vacate the attachment in the municipal court, and the motion was denied. The order is under review on this appeal. The judgment should be reversed, with costs, and the attachment vacated, and the complaint dismissed, under section 90 of the municipal court act, supra.

Judgment of the Municipal Court reversed, with costs, and the attachment vacated, and the complaint dismissed. All concur.