### LEAVITT v. MATZKIN et al.

(Supreme Court, Appellate Term. February 5, 1909.)

1. COURTS (§ 189*) — MUNICIPAL COURTS—SUBSTITUTED SERVICE—POSTING AND MAILING AS CONSTRUCTIVE SERVICE.

Under Municipal Court Act (Laws 1902, p. 1517, c. 580) § 83, providing that, if defendant cannot be found, then service must be made by leaving a copy of the summons, warrant of attachment, and inventory at his last place of residence with a person of suitable age or discretion, or, if such person cannot be found, by posting them on the outer door, and also mailing a copy of each to defendant at his residence, jurisdiction was not acquired where, defendants not being found, the only service was the mailing of a copy of each paper to defendants' last known address.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—DEFAULT JUDGMENT—RIGHT TO ENTER.

Where the affidavits in support of an attachment are insufficient, and the summons is not personally served, the court is without right to enter a default judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Leavitt against David Matzkin and others, in which action an attachment issued. From a judgment for plaintiff, and an order denying a motion to vacate the attachment, defendants appeal. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Israel Ellis, for appellants.

Max D. Steuer, for respondent.

GILDERSLEEVE, P. J. This is an appeal from a judgment rendered in favor of the plaintiff, and also from an order denying a motion to vacate an attachment issued against the property of the defendants. The defendants were never. personally served with the summons. Upon the return day the attorney for the defendants appeared specially and moved to vacate the attachment upon several grounds, which motion was denied.

It is evident, from an examination of the record, that the court below did not obtain jurisdiction. Section 83 of the Municipal Court act (Laws 1902, p. 1517, c. 580) provides that a marshal must serve the summons, warrant of attachment, and inventory upon the defendant by delivering to him personally a copy of each, if he can with· reasonable diligence be found within the city, or, if he cannot be so found, by leaving a copy of each certified by the marshal at the last place of residence in the city with a person of suitable age and discretion, or, if such person cannot be found there, by posting them on the outer door, and also depositing another copy of each in the post office, inclosed in a sealed, post-paid wrapper, directed to the defendant at his residence, or, if the defendant has no 'place of residence in the city, by delivering them to the person in whose possession the property attached is found. The defendants were residents of the city. The only service made, so far as the defendants are claimed to have been served, is shown by the certificate of the marshal to have been in this manner:

"I further certify that I mailed a copy of all the papers by me certified at the nearest post office to the last known address of the defendants, and that I could not serve them personally for the reason that I could not find them in the city of New York."

The statute must be strictly followed, or the court acquires no jurisdiction. The statute points out that, in case a defendant cannot be found, then service must be made by leaving a copy·of the papers at his last place of residence with a person of suitable age or discretion, or, if such person cannot be found, by posting them on the outer door, and also mailing, etc. This was not done, nor, so far as appears, attempted to be done, in this case.

The sufficiency of the affidavit and warrant was also attacked in the court below, and the motion should have been granted, as both the affidavits and warrant do not state facts sufficient to authorize the issuance of the attachment. Where the affidavits are insufficient, and the summons is not personally served in attachment cases, the court has no right to enter a judgment by default. H. Mohlman Co. v. Landwehr, 87 App. Div. 83, 83 N. Y. Supp. 1073.

Judgment reversed, with costs, and complaint dismissed.

GIEGERICH, J., concurs. SEABURY, J., taking no part.