## SUPREME COURT

### JOHN P. TREADWELL and others agt. JOHN M. LAWLOR.

A defendant is liable to attachment under the Code, where he has assigned, disposed of or secreted *his* (the defendant's) property, or any part thereof, or is about to do so. (§ 129.)

This means, any property in the defendant's possession, and to which he claims title, although his title may be imperfect, or clearly bad. The design of the defendant is as manifest in concealing embezzled property, as in concealing that which is actually his.

The court acquires jurisdiction of an action from the time the summons is served or any provisional remedy is *allowed*. (*Code*, § 139.)

The issuing of summons is not necessary to the validity of the attachment.

*New - York General Term, Nov.,* 1857.
MITCHELL, CLERKE *and* PEABODY, *Justices.*

By the court—MITCHELL, Justice. The defendant moved to

Treadwell and others agt. Lawlor.

set aside the attachment against him, without denying any of the charges made against him. One of them is, that he had stolen, secreted or embezzled money of the plaintiffs, to the amount of $5,000 and upwards; that he said he had deposited part of the proceeds in the name of a little sister, which before he had said was in his mother's house, and he acknowledged that he did this to prevent suspicion against himself, and to prevent the property being taken from him, and to conceal it.

The Code as amended (§ 229) allows an attachment against a defendant who has assigned, disposed of or secreted, or is about to assign, dispose of or secrete any of his property, with intent to defraud his creditors. The declarations of the defendant clearly show that he had disposed of and secreted *this* property with such intent. The Code speaks of the secreting of the *defendant's* property. By that was meant any property in his possession, and to which he claimed title, although his title was imperfect or clearly bad. The injury to the creditor, and the intent to defraud, are as clearly shown in that case, as if the defendant had a perfect title to the property. The attachment lies, if the defendant has, or is about to secrete " *any* " single piece of his property, and extends to all his property of every kind, because the single act shows a readiness and an intent to extend the offence as far as may be necessary, to promote his fraudulent designs. This design is as manifest in concealing embezzled property, as in concealing that which is lawfully his.

It has been repeatedly held that the attachment is the commencement of process, although no summons be served; the issuing of a summons alone, is not the commencement of action, and would not aid in giving jurisdiction to the court, until it is served; its issuing is not necessary to the validity of the attachment. This, also, has been repeatedly held in this court. The court acquires jurisdiction from the time the summons is served, or any provisional remedy is allowed. (*Code*, § 139.) The order appealed from, denying the motion to set aside the attachment, is affirmed with costs.