WILLIAM F. TAYLOR AND OTHERS, RESPONDENTS, *v.* ALMON M. HULL, APPELLANT.

*Attachment — fraudulent disposition of his property, or departure from the State with: intent to defraud, by the debtor — evidence of.*

To sustain an attachment upon the ground that a debtor has assigned his property fraudulently, or departed from the State with intent to defraud his creditors, it is not sufficient to show that the debtor has transferred his farm to his wife· and has gone to one of the western States, and that the creditor was informed. by others that the debtor had said he was about to leave for Dakota and settle on a farm there, and that he had also stated to the creditor himself that he: intended to leave the section of the country in which he had resided.

APPEAL by the defendant from an order denying a motion to set, aside a warrant of attachment theretofore granted in the above-entitled action, which order was entered in the office of the clerk of the county of Rensselaer on the 19th day of October, 1889.

*Henry A. King*, for the appellant.

*William Powell, Jr.*, for the respondents.

LEARNED, P. J. :

This is an appeal from an order refusing to vacate an attachment.. The defendant is the maker and plaintiffs are accommodation: indorsers of a note which had been discounted in a bank in Troy.. The affidavit made on the 13th day of July, 1889, states that they paid the note the fifteenth of that month, and then became owners.. This does not appear to be a clerical mistake ; the undertaking is.

dated and acknowledged on the thirteenth of July before the same officer who took the affidavit. So also the justifications. The summons is dated the fifteenth of July, and the affidavit states that it has been issued.

A more serious defect, however, is the failure to show that defendant has assigned his property fraudulently, or departed from the State with intent to defraud.

The facts stated are, that defendant has transferred his farm to his wife and gone to one of the western States; that deponent was informed by Hakes and Jones that defendant had said he was about to leave for Dakota and settle on a farm there, and that defendant had also stated to deponent that he intended to leave this section of the country. In all this there is no evidence of fraud.

Deponent also furnishes a copy of a letter from defendant to him dated July 6, 1889. The contents of that letter show that defendant cannot pay his debts, and that is about all that it shows. There is nothing indicating any intention to defraud, or any wrongful act.

The mere fact that defendant has transferred his farm to his wife does not show a fraudulent intent. Connected with other circumstances it might have much weight, but the circumstances are not shown. Whether the farm was incumbered, or what was its value, are matters not shown. When he made the transfer, and what was the consideration, we are not told.

We think there was not enough to sustain the attachment, and the order should be reversed, with ten dollars costs and printing disbursements, and motion to vacate granted, with ten dollars costs. Such costs and disbursements to be offset against plaintiff's claim.

LANDON, J., concurred; MAYHAM, J., not acting.

Order reversed, with ten dollars costs and printing disbursements, and attachment vacated, with ten dollars costs, to be set off against plaintiff's claim.