(28 Misc. Rep. 569.)

### GOLDSTEIN v. GOLDSMITH.

(Supreme Court, Appellate Term. July 26, 1899.)

1. SUMMONS—CONCEDING SERVICE.
   A defendant asking leave to plead concedes service, and is thereafter precluded from claiming nonservice.

2. JURISDICTION—HOW QUESTIONED.
   Where service of summons or voluntary appearance will give jurisdiction, jurisdiction cannot be questioned by answer.

Appeal from municipal court, borough of Manhattan, Fifth district. .

Action by Joseph Goldstein against Max Goldsmith. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edward Browne, for appellant.

John Bogart, for respondent.

LEVENTRITT, J. On the return day of the summons, the defendant, through his attorney, appearing specially, objected to the jurisdiction of the court on the ground that he had not been served with a copy of the summons. To support his objection he offered as a witness one Harry Beck, upon whom service had erroneously been made. The plaintiff, however, opposed the offer, claiming that the defendant was required to submit his own affidavit to establish the nonservice. The justice directed that such an affidavit be produced. Instead of complying with the court's order, the defendant there-

upon presented the affidavits of Harry Beck and of one John W.
Brown to the effect that Beck had, and the defendant had not, been
served. The plaintiff persisting in his objection, the justice ruled
that the affidavit of the defendant was indispensable, and that judg-
ment must be rendered against him. The defendant then made ap-
plication to the justice to postpone the entry of judgment, and to
give him opportunity to interpose an answer. The permission was
granted. The defendant was directed to file his answer on the fol-
lowing day, and the trial was set down for a week thereafter. Avail-
ing himself of the privilege, the defendant duly filed his answer on
the ensuing day. It did not controvert any of the allegations of
the verified complaint, but merely set up lack of jurisdiction in the
court to proceed against him for the reason that he had not been
served, personally or otherwise. On the trial day the defendant ap-
peared in court by his attorney, who, when the cause was called for
trial, answered, "Ready." Thereupon the plaintiff moved for judg-
ment on the pleadings, and the justice, overruling the defendant's
contention that he had a right to prove the allegations of the answer
as a defense, found for the plaintiff in the amount claimed in the
complaint. Nothing is contained in the answer to indicate that the
defendant adhered to his special appearance. Wherever the name
of his attorney is used, in superscription, signature, or indorsement,
we find no qualifying words. On this appeal the defendant insists
that he has not abandoned his special appearance, and that he has
not lost or waived his right to challenge the court's jurisdiction.
We cannot accept this view. When the defendant—admittedly a
resident—invoked the discretion of the court to defer judgment and
grant him leave to interpose an answer, he submitted his person to
its jurisdiction. The time to answer was the return day of the sum-
mons. Instead of then resting on his objection, the defendant elect-
ed to abandon his futile attempt to establish nonservice, and, in ef-
fect, prayed an extension of time to plead to the complaint. This
was equivalent to a voluntary appearance (1 Rum. Prac. 176; Ayres
v. Railroad Co., 48 Barb. 132), and a voluntary general appearance
of the defendant is equivalent to personal service of the summons
upon him (Code Civ. Proc. § 424; Carpentier v. Minturn, 65 Barb.
293; Olcott v. Maclean, 73 N. Y. 223; Reed v. Chilson, 142 N. Y.
152, 36 N. E. 884). Only a defendant served or one voluntarily ap-
pearing is called upon to plead; but asking leave to plead concedes
service, and the defendant is thereafter precluded from inconsistent-
ly claiming nonservice. The answer raised no issue. The objection
that the summons was not served is not available by answer or de-
murrer, but only by motion to set the proceedings aside. Nones v.
Insurance Co., 5 How. Prac. 96. In Reed v. Chilson, supra, the court
says:

"When a party does not intend to subject himself to the jurisdiction of the
court, he must appear specially for the purpose of raising the question of juris-
diction by motion, or he may allow the plaintiff to go on, and take judgment
by default, without affecting his rights, since no judgment entered without
service of process in some form could bind the defendant, and the question of
jurisdiction would protect him at any stage of the proceedings for its enforce-
ment, provided it has not been waived by his own act."

If the court can acquire jurisdiction by the service of a summons, then the fact of nonservice cannot be raised by answer; and a voluntary general appearance cures defects in, or a failure of, service. Where, however, neither service of summons nor appearance will confer jurisdiction, the objection, where it does not appear on the face of the complaint, can be taken by answer; and even where there was a prior special appearance for the purpose of contesting the question of jurisdiction, followed by a general appearance, and an answer setting up the plea to the jurisdiction in abatement as well as pleas in bar, the plea to the jurisdiction is not waived. Sullivan v. Frazer, 4 Rob. (N. Y.) 616; Hamburger v. Baker, 35 Hun, 455. The distinction is that in the one case the court can acquire jurisdiction, while in the other it cannot, even though the defendant were willing to confer it. Had the defendant stood upon his objection, and, upon the justice's refusal to pass upon the merits of the affidavits presented upon the subject of service, suffered a default judgment to be taken, and then carried his appeal to this court, we would have been called upon to direct a reversal. He was not bound to answer when the court refused to entertain the application to dismiss. It was optional for him to appeal or to appear and answer. He chose the latter alternative, and thereby abandoned the former. The judgment must be affirmed.

Judgment affirmed, with costs to respondent. All concur.