(31 Misc. Rep. 50.)

PARROTT v. MAYER et al.

(Supreme Court, Special Term, New York County. March, 1900.)

ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

An attachment affidavit alleging that defendant had transferred land, for a valuable consideration, after his indorsement and before the maturity of the note sued on, but containing no allegation of his insolvency, or that the land constituted substantially all or a considerable portion of his property, or that he was otherwise indebted at the time, is insufficient to support an attachment under Code Civ. Proc. § 636, subd. 2, authorizing an attachment on the ground that defendant had disposed of his property with intent to defraud his creditors.

Action by Marcus J. Parrott against Lewis Mayer and others. Motion to vacate a judgment for insufficiency of the original papers. Granted.

Freling H. Smith, for plaintiff.
L. & A. McZinke, for defendant Fox.

LEVENTRITT, J. This is a motion to vacate an attachment for insufficiency of the original papers. The warrant was based upon the alleged disposition of property with intent to defraud creditors, and the particular infirmity invoked is the failure to show such intent. The only allegations bearing upon this question are these: In the years 1886 and 1893 the defendant Fox, against whose property the warrant was issued, became the owner of various pieces of

real estate, which he transferred in November, 1899, to his two daughters, for a nominal consideration. The transfer was made about six weeks after indorsement by him of a note which is the subject of this action, and about six weeks prior to its maturity. Beyond these bald facts, the affidavit contains no statement in support of the expressed belief that the conveyance was made in fraud of creditors. There is no allegation of insolvency at the time of the conveyance, nor that the real estate transferred constituted substantially all the debtor's property, or even any considerable portion of it, nor that the conveyance itself rendered him insolvent, nor that he was otherwise indebted at the time. The affidavit is insufficient to support the attachment. It does not disclose fraudulent purpose. The Code provision (section 636, subd. 2) does not make the disposition of all of his property by the debtor a prerequisite to the granting of an attachment on the ground under consideration, but in that event facts other than the mere transfer must be presented, to justify the conclusion of fraud. Treadwell v. Lawlor, 15 How. Prac. 8; Weiller v. Schreiber, 63 How. Prac. 491; Hyman v. Kapp, 22 Wkly. Dig. 310, affirmed in 125 N. Y. 700, 26 N. E. 752. The affidavit does not disclose whether the plaintiff transferred all or part of his property. All that appears is that he made transfers for a nominal consideration in the face of an indebtedness to the plaintiff. The Revised Statutes (2 Birdseye's Rev. St. p. 1345, § 12) specifically provide, "Nor shall any conveyance or charge be adjudged fraudulent as against creditors, solely on the ground that it was not founded on a valuable consideration." Construing this provision, the court of appeals, in Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105, held that an owner of real estate could make a voluntary settlement thereof upon his wife or children, and that the person assailing the deed assumed the burden of showing that it was executed in bad faith, and that it left the grantor insolvent and without ample property to pay his existing debts and liabilities, at page 307, 131 N. Y., and page 106, 30 N. E. Only where the grantor is insolvent at the time is the want of consideration a controlling fact on the question of fraud. Erickson v. Quinn, 47 N. Y. 410, 413. For aught that appears to the contrary, the attached debtor is amply able to respond to the plaintiff's claim,—the only liability, so far as disclosed by the papers. No facts inconsistent with solvency at the time of the transfer are shown, and there is therefore neither presumption nor proof of fraudulent intent. Grosvenor v. Sickle (Sup.) 2 N. Y. Supp. 40; McCole v. Loehr, 79 Ind. 432; Guy v. Craighead, 21 App. Div. 460, 47 N. Y. Supp. 576; Id., 40 App. Div. 261, 57 N. Y. Supp. 1070; Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082. The attachment should be vacated, with $10 costs to the defendant Fox.

Attachment vacated, with $10 costs to defendant Fox.