v. *Nichols*, 11 Johns. 547 ; *Rittenhouse* v. *Creveling*, 38 N. Y. St.
Repr. 280 ; *Sprague* v. *Sprague*, 80 Hun, 285 ; *Springer* v. *Dwyer*,
50 N. Y. 19 ; *Milbank* v. *Jones*, 127 id. 370.)

The judgment should be affirmed.

WOODWARD, JENKS and HOOKER, JJ., concurred ; BARTLETT, J.,
not sitting.

Judgment of the Municipal Court affirmed, with costs.

---

J. H. MOHLMAN COMPANY, Respondent, *v.* GEORGE LANDWEHR,
Appellant.

*Judgment by default in the New York Municipal Court where an attachment has
been issued and the summons has not been personally served — the fraud which
will justify an attachment must be an actual not a mere statutory one — what is
not sufficient to establish that a sale of merchandise in bulk is void under chapter
528 of the Laws of 1902.*

A judgment cannot be rendered by default pursuant to section 91 of the New
York Municipal Court Act (Laws of 1902, chap. 580) or section 2918 of the
Code of Civil Procedure, in an action where the defendant has not appeared or
been personally served with the summons, but in which, however, his prop-
erty has been attached, unless it appears that the affidavits upon which the
warrant of attachment was issued were sufficient to authorize it.

On an application for a warrant of attachment on the ground that the defendant
has disposed of his property with intent to cheat and defraud his creditors,
the burden of proving the fraudulent intent is upon the party applying for
the writ, and circumstances which create a strong suspicion of fraud, but yet
fall short of *prima facie* proof thereof, are not sufficient.

An averment in the moving affidavits that, upon a sale by the defendant of his
entire stock of merchandise in bulk, the defendant and the purchaser did not
do the things required by chapter 528 of the Laws of 1902, which provides
that the sale of an entire stock of merchandise in bulk is fraudulent and void
against the creditors of the seller, unless, at least five days before the sale, the
seller and purchaser do certain things, is insufficient to establish the violation
of the statute in question, where it is evident that the averment is not based
upon personal knowledge and the situation of the parties is not such as to
create a presumption of knowledge and no sources of information are
disclosed.

*Semble*, that the fraud, which, by the Code of Civil Procedure, is made the
ground for an attachment, is an actual and intentional or moral fraud, and not
one which is declared to be such by statute because of the omission of certain
specified formalities.

APPEAL by the defendant, George Landwehr, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 25th day of February, 1903, upon the decision of the court, with notice of an intention to bring up for review upon such appeal an order entered on the 26th day of February, 1903, denying the defendant's motion to vacate a warrant of attachment theretofore granted herein.

*Jacob J. Lesser,* for the appellant.

HIRSCHBERG, J.:

The judgment was entered by default as provided by section 91 of the Municipal Court Act of the city of New York (Laws of 1902, chap. 580). This is substantially the same provision as is made by section 2918 of the Code of Civil Procedure for the government of Justices' Courts, and requires that the court shall proceed to hear and determine the action, where the defendant has not appeared, and the summons has not been personally served upon him, but his property has been duly attached by virtue of a warrant which has not been vacated. In this case the summons was not personally served, and the defendant did not appear, but an attachment was issued, the validity of which, however, is denied by the appellant, on the ground that the affidavits upon which it was issued were insufficient to authorize it. In such case the court would be without jurisdiction to enter judgment against the defendant by default. (*Kingsford* v. *Butler,* 71 Hun, 598.)

I think the affidavits were insufficient. The ground of the attachment is that the defendant had disposed of his property with intent to cheat and defraud his creditors. The affidavits were verified on February 13, 1903, and established the fact that on the day before (February twelfth) the defendant's store was closed, with a notice posted in the window as follows: "Will open under new management within three days," signed "Sam. Lipschitz." A man was seen inside arranging and "lotting up" the stock as if for an auction. In the evening of the twelfth one of the affiants, having gained access to the store, was shown by the person in charge an "alleged bill of sale" of the stock from Samuel Lipschitz to Arnold Tuck for a nominal consideration. It further appeared that the defendant was indebted to various persons, that the stock of

goods was all his property, and that on inquiry at his boarding house parties were told that he had gone away and would not return. There was no evidence whatever as to the manner in which the defendant had disposed of the stock of goods or on what terms and no fact or circumstance disclosed tending to indicate that such disposition was with the fraudulent intent of cheating creditors other than may be inferred from the facts stated. Yet if it be assumed that the defendant did sell the stock to Lipschitz on or prior to February twelfth, nevertheless, as all the suspicious acts of the vendor or of his vendee which have been noted were subsequent to such sale, they must be regarded as physically consistent with the receipt by the defendant of the full value of the property and with the intent on his part to apply the proceeds in good faith to the payment of his debts. The burden of proving a fraudulent intent is with the party applying for the writ, and circumstances which may create a strong suspicion but yet fall short of *prima facie* proof are not sufficient. (*Thompson* v. *Dater*, 57 Hun, 316; 32 N. Y. St. Repr. 361; *Bump* v. *Daheny*, 36 id. 114.)

The plaintiff obviously relied chiefly upon certain allegations in the affidavits which were designed to show that the disposition by the defendant of his property was in violation of the provisions of chapter 528 of the Laws of 1902, entitled " An act to regulate the sale of merchandise in bulk." By the terms of that act a sale of any portion of a stock of merchandise other than in the ordinary course of trade in the regular and usual prosecution of the seller's business, or the sale of an entire stock of merchandise in bulk, is declared to be fraudulent and void as against the creditors of the seller, unless at least five days before the sale the seller and purchaser do certain things not necessary to particularize in this opinion. That the defendant and his assumed purchaser did not do the things required by the act in question is averred in the affidavits, but it is evident from the nature of the acts as well as from the language of the affidavits that the assertion is not based upon personal knowledge. The situation of the parties is not such as to create a presumption of knowledge and no sources of information are disclosed. The affidavits in this respect are, therefore, manifestly insufficient. (*Mechanics & Traders' Bank* v. *Loucheim*, 55 Hun, 396; 29 N. Y. St. Repr. 188; *Crowns* v. *Vail*, 51 Hun, 204; *Kokomo*

*Straw-Board Co.* v. *Inman*, 53 id. 39 ; *Tim* v. *Smith*, 93 N. Y. 87, 91.) Moreover, assuming that the act in question is constitutional, the fraud is one which is declared by statute and not the actual and intentional fraud contemplated by the Code as ground for an attachment. The weight of authority in this State is to the effect that the provisions of the Code (§ 636) in this regard relate to a moral rather than to a constructive fraud. (*Belmont* v. *Lane*, 22 How. Pr. 365 ; *Milliken* v. *Dart*, 26 Hun, 24 ; *Casola* v. *Vasquez*, 147 N. Y. 258.) In other words, there must be an actual or intended fraud in order to authorize an attachment, and not merely one declared to be such by statute because of the omission of certain specified formalities.

The defendant moved to vacate the attachment in the Municipal Court, and the motion was denied. The order is under review on this appeal. The judgment should be reversed, with costs, and the attachment vacated and the complaint dismissed, under section 90 of the Municipal Court Act (*supra*).

GOODRICH, P. J., BARTLETT, JENKS and HOOKER, JJ., concurred.

Judgment of the Municipal Court reversed, with costs, and the attachment vacated and the complaint dismissed.