### DELANEY et al. v. BOUSE.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. DEFAULT JUDGMENT—ATTACHMENT—SUFFICIENCY OF AFFIDAVITS.

Laws 1902, p. 1519, c. 580, § 91, provides that where the defendant does not appear, and summons has not been personally served on him, and his property has been duly attached, the court must proceed to determine the action. Held, that affidavits in support of an attachment, which consisted merely of recitals of hearsay as to the grounds thereof, were insufficient to sustain the attachment and a default judgment founded thereon under the statute.

2. SAME—RIGHT TO CONTEST JURISDICTION—WAIVER BY APPEARANCE.

A defendant in an attachment suit, who had not been personally served with summons, appeared only on the return day of an order to show cause why the attachment should not be vacated. The motion to vacate was denied on September 10th, and the order filed with the clerk on October 17th. Meanwhile the case was adjourned from time to time, and, being on the calendar on September 15th, and no one appearing, was dismissed. Thereafter it was restored to the calendar on the written consent of defendant's attorneys, and adjourned until September 29th, upon which day

---

¶ 1. See Attachment, vol. 5, Cent. Dig. § 256.

default judgment was taken against defendant. *Held*, that defendant had not waived his right to dispute the jurisdiction of the court over his person to enter judgment against him by default.

Appeal from Municipal Court of New York.

Action by Thomas M. Delaney and another against Garrett A. Bouse. From a judgment in favor of plaintiffs, and from an order denying defendant's motion to vacate an attachment issued in the action, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Max D. Steuer, for appellant.
Charles Everett Heier, for respondents.

HIRSCHBERG, P. J. The judgment was entered on default, and without personal service of the summons. The defendant appeared by attorney only upon the return day of an order to show cause why an attachment accompanying the summons should not be vacated. The motion to vacate the attachment was denied, and the appeal from the judgment and the order denying the motion brings up for review the question of the validity of the attachment as a basis for the judgment, under the terms of section 91 of the act in relation to the Municipal Court of the city of New York (chapter 580, p. 1519, Laws 1902). If the attachment should have been set aside for insufficiency, the court was without jurisdiction to enter judgment against the defendant by default. Kingsford v. Butler, 71 Hun, 598, 24 N. Y. Supp. 1094; J. H. Mohlman Co. v. Landwehr, 87 App. Div. 83, 83 N. Y. Supp. 1073.

The grounds of the attachment, as stated in the warrant, are "that defendant is a natural person, and that he has departed from place where he last resided, with intent to defraud his creditors, and to avoid service of a summons; that he keeps himself concealed with like intent; that he has removed his property from the county of Kings, where he last resided, with intent to defraud his creditors, and has secreted his property with like intent."

The warrant cannot be said to be defective, as was the case in Cronin v. Crooks, 76 Hun, 120, 27 N. Y. Supp. 822, because here the grounds of the attachment are not stated disjunctively. The difference is pointed out in the case of Stewart v. Lyman, 62 App. Div. 182, 70 N. Y. Supp. 936. The charge is not, as in the former case, that the defendant has done one thing or another, either of which would be a good ground for the issuance of a warrant, but that he has done both or all the things which form such grounds, without alternative assertion.

But I think the affidavits on which the warrant was issued are insufficient, in not furnishing the facts other than by way of hearsay. No facts are established on the knowledge of the affiants which prove any one of the grounds stated in the warrant. The allegations consist almost wholly of statements of others, and conclusions of the affiants founded thereon, and furnish no evidence that the defendant has removed any property from the borough of Brooklyn, or that he is

secreting it in the borough of Manhattan, or that he is concealing himself with the intent to avoid service of process. Nor is there any direct evidence that the defendant has removed from his last place of residence to the place where it is claimed he is secreting himself, or that he is or has been in the latter place at all. While some latitude must be allowed in the proof of fraudulent intent, such as the natural difficulties attendant upon such proof suggest, I am unable to find any authority for the issuance of the writ of attachment where the proof of essential facts is as barren as in this instance.

In Abrams v. Lavine, 90 Hun, 566, 35 N. Y. Supp. 881, it was held that an affidavit upon which an attachment is sought is insufficient where the deponent states what a third person had told him; the statements of such third person, made in this form, being merely hearsay.

In Haskell v. Osborn, 33 App. Div. 127, 53 N. Y. Supp. 361, an attachment was issued upon the ground that the defendant kept herself concealed for the purpose of avoiding service of a summons. The court said (page 128, 33 App. Div., page 362, 53 N. Y. Supp.), Van Brunt, P. J., writing:

"There is no evidence whatever that the defendant was keeping herself concealed for any purpose. The affidavits relating to the subject are simply a rehearsal of statements alleged to have been made by some person, of which or of whom the defendant was not shown to have any knowledge whatever. There is no evidence whatever to show that the defendant was in the city at the times referred to. An affidavit averring that certain persons, not parties to the action, have made certain statements to the affiant, does not make such statements evidence. If the affiant was a witness, and examined orally, the retailing of the statements of third parties would be clearly incompetent, and the fact that the evidence is to be set forth by affidavits does not change the rules as to competency. The facts necessary to be established must be proven by legal evidence, and hearsay statements are not such evidence."

See, also, Taylor v. Hull, 56 Hun, 90, 9 N. Y. Supp. 140; Thompson v. Dater, 57 Hun, 316, 10 N. Y. Supp. 613; and Sill Stoveworks v. Scott, 62 App. Div. 566, 71 N. Y. Supp. 181.

The defendant has not waived his right to dispute the jurisdiction of the court to enter judgment against him by default. He has not appeared in the action generally, nor has he done any act which can be regarded as the equivalent of a voluntary appearance. The ruling of the justice denying the motion to vacate the attachment was made on September 10, 1903, and the order was entered and filed with the clerk of the Municipal Court on the 17th day of October following. Meanwhile the case appears to have been adjourned from time to time, and being on the calendar on September 15, 1903, and no one appearing for either side on that day, it was dismissed. Thereafter it was restored to the calendar, on the written consent of the attorneys, and adjourned until September 29th, on which day, the defendant failing to appear, the inquest was taken, and the judgment entered on his default. The defendant did not waive his right to contest the jurisdiction of the court by consenting that the plaintiffs should be relieved from the consequences of their failure to appear on September 15th. He was still at liberty to appear and move for a dismissal upon a hearing, or to rest upon his objections urged upon the motion to vacate the attachment, and suffer a default, should one be taken against him; leav-

ing his right to review the determination unimpaired.   The case of Goldstein v. Goldsmith, 28 Misc. Rep. 569, 59 N. Y. Supp. 677, on which the respondents rely, is not to the contrary.   In that case it was held that where the defendant, upon the return day of a summons in the Municipal Court, appeared specially to object to the jurisdiction, and, after making an ineffectual attempt to prove nonservice of the summons, obtained time to plead, and thereafter interposed an answer, he should be deemed to have made a voluntary appearance.   The interposition of the answer was regarded by the Appellate Term as an election on the part of the defendant not to suffer a default judgment to be taken against him.   The court said (page 571, 28 Misc. Rep., page 679, 59 N. Y. Supp.):

"Had the defendant stood upon his objection, and, upon the justice's refusal to pass upon the merits of the affidavits presented upon the subject of service, suffered a default judgment to be taken, and then carried his appeal to this court, we would have been called upon to direct a reversal.   He was not bound to answer when the court refused to entertain the application to dismiss.   It was optional for him to appeal, or to appear and answer.   He chose the latter alternative, and thereby abandoned the former."

The course adopted by the defendant in the case at bar was the opposite of that criticised in the case cited.   By relieving the plaintiffs from their default, he merely suffered them to take his, and, neither appearing nor pleading, cannot be regarded as having waived his right to review either the first or the final adverse ruling of the court.

The judgment and order should be reversed, the attachment vacated, and the complaint dismissed, in accordance with the provisions of section 90, c. 580, p. 1519, of the act in relation to the Municipal Court, supra.   J. H. Mohlman Co. v. Landwehr, supra.

Judgment and order of the Municipal Court reversed, with costs, attachment vacated, and complaint dismissed.   All concur.