(97 App. Div. 139.)

DURKIN et al. v. PATEN.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. MUNICIPAL COURT—JURISDICTION—JUDGMENT BY DEFAULT—ATTACHMENT.
    Under Municipal Court Act (Laws 1902, p. 1519, c. 580) § 91, requiring the court to hear the action where summons is not personally served and defendant has not appeared but his property has been attached by virtue of a writ not vacated, the court has no jurisdiction to enter judgment by default where the summons was not personally served and defendant appeared specially and moved to vacate the attachment, which was unwarranted, and based upon insufficient proof.

2. ATTACHMENT—AFFIDAVIT—SUFFICIENCY.
    Affidavits stating that the defendant had been away from his place of business for some weeks; had offered to sell a horse and rig to affiant at a figure which was not disclosed; that he was sending a horse and carriage into the country for sale; that a few months previous a check which he gave plaintiffs to apply on account was returned unpaid by a bank, but failing to state the reason for the bank's refusal to pay; that defendant was indebted to a number of creditors; that there were chattel mortgages on file against him, and that his debts were more than his visible assets—were not sufficient to show that defendant was about to dispose of his property with intent to defeat or defraud his creditors, so as to warrant an attachment.

3. SAME—BURDEN OF PROOF.
    The burden of proof of the intent on the part of defendant to cheat or defraud creditors is on the party applying for a writ of attachment, and circumstances which may create a strong suspicion, but which yet fall short of prima facie proof, are insufficient.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Patrick Durkin and another against William W. Paten. From a judgment for plaintiffs, and from an order denying a motion to vacate an attachment, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Francis B. Mullin, for appellant.
George Parr, for respondents.

HOOKER, J. Like Mohlman Co. v. Landwehr, 87 App. Div. 83, 83 N. Y. Supp. 1073, judgment was entered in this case by default, pursuant to provisions of section 91 of the Municipal Court Act (Laws 1902, p. 1519, c. 580). The defendant was not personally served with process, and plaintiffs sought to confer jurisdiction in the Municipal Court to render judgment by procuring and levying an attachment on personal property of the defendant. The defendant appeared specially by his attorney, and upon affidavits moved to vacate the order of attachment. This motion was denied, and plaintiffs, proving their case, took judgment by default. The defendant appeals from the judgment and from the order denying his motion to vacate the attachment.

If the attachment was unwarranted, and was based upon insufficient proof, it must fall, and the judgment with it; for, in the absence of the attachment, the court acquired no jurisdiction. Mohlman Co. v. Landwehr, supra; Kingsford v. Butler, 71 Hun, 598, 24 N. Y. Supp. 1094. The attachment was granted on the ground that the defendant was about to dispose of his property with intent to cheat and defraud his creditors. None of the facts disclosed by the affidavits which the plaintiffs read on their ex parte application for the attachment, nor the affidavits they read in opposition to the motion to vacate, are of any force on the question involved. Assuming that all of the disputed questions of fact at issue upon the motion to vacate the attachment are resolved in plaintiffs' favor, nothing more appears than that the defendant had been away from his place of business somewhat for a few weeks prior to the attachment; that he had offered to sell a horse and rig to one of the affiants, but the figure at which the sale was offered is not disclosed; had it been shown that the offer had been made for a figure far less than the fair value of the articles, that might, perhaps, have been a badge of fraudulent intent, but the figure is carefully concealed; that the defendant was sending a horse and carriage into the country for sale; that three months before the attachment a check defendant gave plaintiffs to apply on account was returned unpaid by the bank, but the reason for the bank's refusal to pay is not shown; that the defendant is indebted to a number of creditors; that there are on file chattel mortgages, in which he appears to have been named as the mortgagor; and that his debts are perhaps more than his visible assets. Much of this matter is nothing more than conclusions of the affiants, averred as statements of fact, while much of the rest is the statement of the plaintiff Ryan as to what he was told by defendant's landlord, who, he says, refused to make an affidavit. None of these facts point with any degree of clearness to defendant's intention to dispose of his prop-

erty with intent to cheat or defraud his creditors. "The burden of proving a fraudulent intent is for the party applying for the writ, and circumstances which may create a strong suspicion, but yet fall short of prima facie proof, are not sufficient." Mohlman Co. v. Landwehr, supra, citing Thompson v. Dater, 57 Hun, 316, 10 N. Y. Supp. 613; Bump v. Daheny, 36 N. Y. St. Rep. 114, 12 N. Y. Supp. 901. The facts upon which it was sought to sustain an attachment in Horton v. Fancher, 14 Hun, 172, upon the same grounds, are, we think, even stronger against the defendant than the facts as disclosed by the affidavits in this case, and yet the court on appeal held the affidavits insufficient. The court below was not warranted, from the proof, in drawing the inference that the defendant was about to dispose of his property with intent to defeat or defraud his creditors, and the order vacating the warrant of attachment should have been granted.

It follows that the court had no jurisdiction to render judgment. The judgment should be reversed, with costs, and the attachment vacated, and the complaint dismissed. All concur.