HILL v. ATANASIO.

(Supreme Court, Appellate Term. February 9, 1911.)

1. APPEARANCE (§ 9*)—SPECIAL APPEARANCE—VACATION OF ATTACHMENT.
　　Where defendant was not served with process, and jurisdiction depended on the validity of an attachment, defendant having appeared specially for the sole purpose of moving to vacate the attachment, a judgment for plaintiff must fall, if the attachment is invalid.
　　[Ed. Note.—For other cases, see Appearance, Dec. Dig. § 9.*]

2. COURTS (§ 190*)—MUNICIPAL COURT—APPEAL FROM JUDGMENT—VALIDITY OF ATTACHMENT.
　　An appeal from a judgment in the Municipal Court brings up for review an order denying a motion to vacate an attachment.
　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. ATTACHMENT (§ 47*) — DISPOSAL OF PROPERTY TO DEFRAUD CREDITORS — FRAUDULENT INTENT.
　　Where an attachment was issued on the ground that defendant had transferred and disposed of his property with intent to defraud his creditors, the burden was on the plaintiff to show, not only that the property

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was transferred, but that it was transferred with fraudulent intent, by proof stronger than sufficient to create a mere suspicion.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 120; Dec. Dig. § 47.*]

4. ATTACHMENT (§ 111*)—AFFIDAVIT—GROUNDS—FRAUDULENT DISPOSITION OF PROPERTY.

An affidavit on attachment, alleging that defendant had disposed of his property with intent to defraud his creditors, *held* insufficient to show fraudulent intent in the disposition of the goods.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 111.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Robert Hill against Francesco Atanasio. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Michael O. Rini, for appellant.

Lesser Bros., for respondent.

LEHMAN, J. The defendant appeals from a judgment entered upon his default. He was not apparently served with process, and the jurisdiction of the court is dependent upon the validity of an attachment levied on the defendant's property. The defendant appeared specially upon a motion to vacate the attachment and entered no general appearance. If the attachment was invalid, the judgment must fall. An appeal from the judgment is properly brought, and the appeal brings up for review the orders denying the motions to vacate the attachment. Mohlman Co. v. Landwehr, 87 App. Div. 83, 83 N. Y. Supp. 1073; Durkin v. Paten, 97 App. Div. 139, 89 N. Y. Supp. 622.

The attachment was granted upon the ground that the defendant had transferred and disposed of his property with intent to defraud his creditors. The plaintiff, to confer jurisdiction, must show both that the property was transferred and that it was transferred with fraudulent intent. According to the affidavits presented by the plaintiff, the defendant is a retail and wholesale grocer occupying a rather small store in Brooklyn. He owes the plaintiff $94.68. On April 28th plaintiff's representative asked for a check, and defendant promised to have one on May 5th. At that time the plaintiff's representative saw that everything in the store looked all right and the stock was intact; there being goods in the store, consisting of groceries, of the value of at least $3,000. On May 5th the shelves were almost empty, and the stock that remained was worth not over $250. There were three or four men in the store and defendant's 15 year old son. The boy, in response to questions, stated that he did not know anything about the business, nor where his father had gone, or when he would be back, except that he was out of town, and would probably be back in two or three weeks. Upon the motion to vacate the attachment, the defendant claims that he had not left town, but was collecting bills on May 5th, and his son denies the alleged conversa-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion with him. Defendant claims that his stock at no time was larger than $700, and that he had not disposed of any stock during the week between April 28th and May 5th, except a considerable number of cases of macaroni transferred in course of trade. Both sides presented additional affidavits to corroborate their respective versions of the usual size of the stock.

Conceding that the plaintiff's affidavits are true, I do not think that they are sufficient to show a fraudulent intent. At most he has shown that defendant disposed of a considerable stock in that week without replenishing it, and that on May 5th he was for some reason not in his store. I find no case where a warrant of attachment has been sustained on such affidavits. The burden of proving a fraudulent intent is with the party applying for the writ, and circumstances which may create a strong suspicion, but yet fall short of prima facie proof, are not sufficient. Mohlman v. Landwehr, supra.

Judgment should be reversed, with costs, and the attachment vacated, and complaint dismissed. All concur.