TOMBACK & McPHEE v. BERKOWITZ.

(Supreme Court, Appellate Term. January 5, 1912.)

COURTS (§ 189*)—MUNICIPAL COURTS—ATTACHMENT—AFFIDAVITS.

Municipal Court Act (Laws 1902, c. 580) § 74, subd. 2, provides that, to entitle plaintiff to an attachment, he must show to the satisfaction of the court, if defendant be a natural person, etc., that he has removed, or is about to remove, property from the county wherein defendant last resided to a place outside of New York City with intent to defraud his creditors, or has assigned, disposed of, or secreted the property; or is about to do so, with like intent. *Held*, that the attachment was properly vacated, where the affidavits did not show facts that point with any degree of clearness to defendant's intention to remove property from

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the county, or that he has assigned, disposed of, or secreted property, or was about to do so, with the intent prescribed by statute.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Tomback & McPhee against Joseph Berkowitz. From an order of the Municipal Court of the City of New York, vacating an attachment, plaintiffs appeal. Affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Samuel J. Rawak, for appellants.
Jacob I. Berman, for respondent.

PER CURIAM. The affidavits upon which the warrant of attachment was granted do not show facts that point with any degree of clearness to the defendant's intention to remove property from the county with intent to defraud his creditors, or that he has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property with the like intent. Municipal Court Act, § 74, subd. 2; Delaney v. Bouse, 91 App. Div. 437, 86 N. Y. Supp. 880; Durkin v. Paten, 97 App. Div. 139, 89 N. Y. Supp. 622; Parrott v. Mayer, 31 Misc. Rep. 50, 64 N. Y. Supp. 649.

The order must be affirmed, with costs.