■ SUSAN M. MCDONALD, Individually and as Parent and Natural Guardian of HEATHER A. MCDONALD, an Infant, Respondent, v JONATHAN L. JARRABET, Defendant, and DEBRA R. JARRABET, Appellant.—Order unanimously reversed on the law without costs and motion for attachment denied. Memo-

randum: Plaintiff commenced this action against Jonathan L. Jarrabet for damages she and her daughter sustained as the result of a sexual assault committed upon the daughter while she was baby sitting in the Jarrabet home. Allegedly, the assault was committed while Jarrabet's wife, Debra, was in Florida visiting with her parents. Subsequent to the assault, Debra Jarrabet commenced a divorce action. In the course of the divorce action and prior to commencement of the instant action, the Jarrabets entered into a stipulation whereby Debra Jarrabet waived her right to spousal maintenance and child support in exchange for the transfer to her of the marital residence and other assets. That stipulation was incorporated without merger into the judgment of divorce. After Debra Jarrabet listed the marital residence for sale, the complaint was amended to add Debra as a defendant and to allege that transfer of the marital residence to her pursuant to the divorce stipulation constituted a fraudulent conveyance in violation of Debtor and Creditor Law § 270 *et seq.;* that Debra was negligent in failing to warn the daughter that her husband had been institutionalized or diagnosed as having a mental illness prior to the sexual assault; and that, by failing to warn the daughter, Debra Jarrabet negligently inflicted emotional distress upon plaintiff. Plaintiff also sought an attachment, contending that Debra Jarrabet was about to dispose of property with an intent to defraud creditors or to frustrate the enforcement of any judgment plaintiff might recover *(see,* CPLR 6201 [3]).

Because the property was owned by Debra Jarrabet, plaintiff was obliged to establish a probability of success on the merits regarding the causes of action asserted against that defendant and a ground for attachment regarding Debra Jarrabet *(see,* CPLR 6212 [a]; *Ford Motor Credit Co. v Hickey Ford Sales,* 62 NY2d 291, 296). Plaintiff failed to sustain that burden of proof. The allegation, made upon information and belief and unsupported by any facts, that Jonathan Jarrabet had been institutionalized for a mental illness or had been diagnosed as having a mental condition, failed to demonstrate a probability of proving that Debra Jarrabet knew of, and failed to disclose, that condition. Plaintiff did not witness the sexual assault upon her daughter and has no personal cause of action for negligent infliction of emotional distress *(see, Johnson v Jamaica Hosp.,* 62 NY2d 523, 528; *Bovsun v Sanperi,* 61 NY2d 219; *Casale v Unipunch, Inc.,* 177 AD2d 1029). Plaintiff's evidentiary submission fails to demonstrate that the divorce stipulation was made without fair consideration or

that Debra Jarrabet entered into that stipulation with an actual intent to defraud creditors. It is not enough to raise a suspicion of fraud; "it must appear 'that such fraudulent intent really existed in the mind of the defendant, * * * and not merely in the ingenuity of the plaintiff' " *(Eaton Factors Co. v Double Eagle Corp.,* 17 AD2d 135, 136, quoting *Thompson v Dater,* 57 Hun 316, 319). The facts shown by plaintiff are equally susceptible of an interpretation consistent with honest intent and are, therefore, insufficient to demonstrate an intent to defraud, either in support of the ground for attachment or the cause of action alleging a violation of the Debtor and Creditor Law *(see, Mohlman Co. v Landwehr,* 87 App Div 83, 85-86; *see also, Anderson v Malley,* 191 App Div 573). Under the circumstances, Supreme Court should have denied the motion for attachment of the former marital residence. (Appeal from Order of Supreme Court, Allegany County, Francis, J.—Attachment.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.